Gary D. Babbitt, ISB No. 1486
Michelle R. Points, ISB No. 6224
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5201
Email: gbabbitt@hawleytroxell.com
         mpoints@hawleytroxell.com

Attorneys for Petitioners Glen Teague and Marie Teague

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| GLEN TEAGUE and MARIE TEAGUE, husband and wife,<br><br>　　　　Petitioners,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>　　　　Respondent. | Case No. _____<br><br>COMPLAINT AND PETITION FOR REVIEW |

　　　　Glen and Marie Teague, by and through their counsel of record Hawley Troxell Ennis & Hawley, LLP, appeal from, and seek review by this Court of the decision issued August 5, 2010, by the United States Department of Interior, Office of Hearings and Appeals, Interior Board of Land Appeals, in *Glen Teague and Marie Teague v. Bureau of Land Management*, Case Number IBLA 2010-85, cited as 179 IBLA 324 – 340, which affirmed the Decision of the State Director, Idaho State Office, Bureau of Land Management dated January 13, 2010, denying their request

COMPLAINT AND PETITION FOR REVIEW - 1

that a First Half Final Certificate ("FHFC") be issued under Mineral Patent Application IDI-30280. These decisions are attached hereto as Exhibits A and B respectively.

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this case involves federal questions; pursuant to 28 U.S.C. § 1346(a)(2), as this case involves claims against an agency of the United States; and pursuant to 5 U.S.C. §§ 702 and 706(2), as it involves judicial review of an agency action.

2. Venue is proper under 28 U.S.C. § 1391(e) as the mining claims that are subject of this litigation are located in the District of Idaho.

3. Petitioners claim title ownership to twenty seven (27) placer mining claims in Owyhee County, Idaho.

4. Respondent United States Department of Interior is an agency of the executive branch of the federal government of the United States of America, and the Bureau of Land Management is an agency of the United States Department of Interior.

5. Petitioners commenced submitted their Mineral Patent Application (No. IDI-30280) with the Idaho State office of the Bureau of Land Management ("BLM") in 1984 and complied with all requisite instruction provided to them by the BLM at their time of application.

6. The BLM represented to Petitioners that their Mining Patent Application was processed and have retained all monies paid by Petitioners for the purchase of the referenced mining claims.

7. On December 17, 2009, Petitioners wrote to the BLM requesting the issuance of a First Half Final Certificate ("FHFC") for the referenced mining claims.

8. On January 13, 2010, the State Director for the BLM in Idaho issued the Decision that a Congressional moratorium restricted the processing of Petitioners' Mining Patent

Application on the stated basis that the requirements for the issuance of an FHFS were not satisfied as of the effective date of said moratorium.

9. The Decision of the State Director was affirmed by the Interior Board of Land Appeals ("IBLA") was issued August 5, 2010.

10. The IBLA's decision constitutes a "final agency action" for purposes of judicial review of the agency action under the Administrative Procedure Act.

11. The IBLA's decision is contrary to law, arbitrary and capricious, and not supported by substantial evidence. As a result, Petitioners are entitled to judgment vacating or reversing the IBLA's decision pursuant to 5 U.S.C. § 706(2).

WHEREFORE, Petitioners pray for relief as follows:

1. Judgment pursuant to 5 U.S.C. § 706(2) reversing and setting aside the IBLA's decision finding that Petitioner's have no title, equitable or otherwise, in the subject twenty seven (27) mining claims, to be invalid, as contrary to law, arbitrary and capricious, and not supported by substantial evidence.

2. An award of costs, expenses and attorney fees incurred in this action by Petitioners pursuant to 28 U.S.C § 2412 or other applicable law.

3. For such other and further relief as the Court deems just and proper.

DATED THIS 1st day of October, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____/s/_____
Michelle R. Points, ISB No. 6224
Attorneys for Petitioners Glen Teague and
Marie Teague

COMPLAINT AND PETITION FOR REVIEW - 3

05694.0001.2081990.1